# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JEIFRI GRACIANO-SUAZO,      :

          :

    **Plaintiff**         **CIVIL ACTION NO. 3:18-0446**

          :

    v          :

          :    **(JUDGE MANNION)**

Warden GENE BERDANIER, <u>et</u> <u>al.,</u>

          :

    **Defendants**

## <u>MEMORANDUM</u>

## I. <u>Background</u>

Plaintiff, Jeifri Graciano-Suazo, an inmate formerly confined in the Schuylkill County Prison, Pottsville, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). On June 6, 2018, Defendants filed a motion to dismiss and supporting brief. (Docs. 10, 11). By Order dated February 5, 2019, Defendants' motion was converted to a motion for summary judgment pursuant to Paladino v. Newsome, 885 F.3d 203 (3d Cir. Mar. 16, 2018), and Plaintiff was directed to file a brief in opposition to Defendants' motion for summary judgment. (Doc. 12). On February 20, 2019, this Court's February 5, 2019 Order was returned, stating "return to sender, not deliverable as addressed" and "person no longer in U.S. since August 2018." (Doc. 17). The office of the Clerk of Court contacted the

Schuylkill County Prison, who confirmed that Plaintiff had been removed to the Dominican Republic on August 21, 2018. Id. There is no forwarding address of record.

## II. Discussion

District courts have the inherent power to dismiss, *sua sponte,* an action for failure to prosecute. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the

instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff is personally responsible for failing to notify this Court of his most recent address. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor). Plaintiff's conduct has prejudiced Defendants by requiring them to assume the cost of continued legal preparation and not have a current address to serve their pleadings. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's action was filed on February 22, 2018. He has not had any contact with the Court since the filing of his action. He was released from custody on August 21, 2018 and has yet to notify the Court of a current address. Such inaction constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Alternative sanctions would be ineffective to deter Plaintiff's conduct because the Court is unable to move forward with the above-captioned action without a current address for Defendants to serve any responsive pleading. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor). As such, the Court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint for failure to

prosecute. An appropriate Order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Dated: March 18, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0446-01.wpd